983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose VILLALOBOS-DIAZ, Defendant-Appellant.
 No. 92-30149.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1993.*
Decided Jan. 15, 1993.
 
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Villalobos-Diaz ("Villalobos") appeals his conviction for reentering the United States after having been arrested and deported, in violation of 8 U.S.C. § 1326. Villalobos entered a conditional guilty plea to a superseding information charging him with being found in the United States after having been deported on May 9, 1989, following a felony drug conviction. Pursuant to Fed.R.Crim.P. 11(a)(2), Villalobos reserved his right to appeal from a pretrial order denying his motion to dismiss for lack of a lawful prior deportation.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Villalobos and three others were ordered to be deported following a group hearing by telephone on May 9, 1989. The detainees and trial counsel for the Immigration and Naturalization Service were located in Portland; the Immigration Law Judge was located in Seattle. Although provided with an interpreter, Villalobos was not represented by counsel at this hearing. In response to limited questioning by the judge, Villalobos indicated that he did not wish to appeal the deportation decision. Villalobos contends that he was not adequately informed of his appeal rights at the deportation hearing, and that his subsequent waiver of those rights was invalid.
 
 
 4
 Villalobos contends that absent a "considered or intelligent" waiver of appeal rights, he was denied judicial review of the deportation proceeding and the deportation order may not be used to prove a violation of § 1326. See United States v. Mendoza-Lopez, 481 U.S. 828, 840 (1987). After a hearing on the motion to dismiss, however, the district court concluded "that there is strong evidence in the deportation record that Villalobos-Diaz intentionally relinquished a known right to appeal." Whether defects rendered the deportation procedure invalid for use in a later criminal conviction is a mixed question of fact and law which we review de novo. United States v. Proa-Tovar, 975 F.2d 592, 594 (9th Cir.1992) (en banc).
 
 
 5
 In a recent en banc decision, we addressed the burden placed on a defendant such as Villalobos.
 
 
 6
 A defendant who seeks to exclude evidence of a deportation order in a prosecution under 8 U.S.C. § 1326 must do more than demonstrate deprivation of the right to a direct appeal from that order. The defendant also bears the burden of proving prejudice.
 
 
 7
 Id. at 595. We find that, whether or not Villalobos' waiver of appeal rights was valid, he has not alleged sufficient prejudice flowing from the possible denial of those rights to prevail under Proa-Tovar.
 
 
 8
 Villalobos simply "points to no plausible grounds of relief that might have been available to him on appeal." Id. at 594. Villalobos concedes that, due to his felony conviction, he was ineligible for the standard forms of relief from deportation. Instead, he argues that the manner of deportation hearing conducted in this case was fundamentally unfair and prejudicial in and of itself. This general allegation is not enough to establish the requisite prejudice. See Proa-Tovar, 975 F.2d at 595 ("it is essentially conceded that a direct appeal could not have yielded a different result"). See also United States v. Holland, 876 F.2d 1533, 1537 (11th Cir.1989) (appellant does not "allege that if he had known of his right to appeal, there is any chance that the result would have been different"). In the absence of an articulated possibility of prejudice, Appellant cannot prevail.
 
 
 9
 Villalobos also brought a motion to strike the presentence report because it was not part of the record before the district court at the time of the motion to dismiss. Because we hold that no prejudice resulted from the possible denial of Villalobos' appeal rights, we do not rely upon the additional facts which are contained in the presentence report. For this reason, the motion to strike is DENIED.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 After a hearing on the motion to dismiss, the district court redacted the allegations in the indictment relating to two other deportations. The May 9, 1989 deportation is thus the sole deportation upon which Villalobos' conviction may be based